UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| KELLYANN HOPKINS and ROBERT J. HOPKINS | : | |
| Debtor | : | Bankruptcy No. 06-15503bf |
| _____ | | |
| KELLYANN HOPKINS and ROBERT J. HOPKINS | : | |
| Plaintiff | : | |
| v. | : | |
| FIRST NLC FINANCIAL SERVICES, LLC; LITTON LOAN SERVICING, LP, and JP MORGAN CHASE BANK, N.A. | : | |
| Defendant | : | Adversary No. 07-0114 |
| _____ | | |

..............................................

MEMORANDUM

..............................................

Defendants JP Morgan Chase Bank, N.A. and Litton Loan Servicing, LP filed a renewed motion for judgment on the pleadings in the above-captioned adversary proceeding. Defendant First NLC Financial Services, LLC later joined in that motion. Essentially, the defendants seek reconsideration of an order dated June 22, 2007 wherein their motions for judgment on the pleadings and to dismiss for failure to state a claim were denied, except that Count II was dismissed as to defendants JP Morgan Chase and First NLC. See In re Hopkins, 372 B.R. 734 (Bankr. E.D. Pa. 2007). In the instant motion for judgment on the pleadings, the defendants ask that "this Court's prior decision be revisited in light of" the recent Supreme Court decision, Bell Atlantic Corp. v.

Twombly, 127 S. Ct. 1955 (2007), which, they argue, materially changed the applicable pleading standard for motions to dismiss and/or motions for judgment on the pleadings.

The above-captioned adversary proceeding was filed by the debtors on March 14, 2007, alleging one count under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601, et seq., against defendants First NLC and JP Morgan Chase. A second count under the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. §§ 2601, et seq., was originally asserted against those two defendants as well as defendant Litton, and is now limited to Litton.

In support of his TILA and RESPA claims, the plaintiff makes the following factual averments:

> On or about September 7, 2005, the Plaintiffs obtained a loan (Loan Number 5208500839) from First NLC in order to refinance the outstanding mortgage secured by the Home. Among the documents which the Plaintiffs received to memorialize this transaction were a Truth-in-Lending Disclosure Statement ("the DS"), a Settlement Statement ("the SS"), and Notices of the Right to Cancel ("the Notices"), copies of which are attached hereto as Exhibits "A," "B," and "C," respectively. However, contained nowhere among the Plaintiffs' loan documents are the disclosures required pursuant to 12 C.F.R. § 226.19 for loans containing a variable rate feature, such as the loan at issue. As such, the Plaintiffs had no idea their loan contained such a feature until it was explained to them by counsel.
>
> Moreover, an examination of the loan documents which the Plaintiffs did receive at this time reveals that the Plaintiffs were charged very high fees for a great many alleged purposes. Most of the charges on the Settlement Statement should have been disclosed as part of the "Finance Charge" in this transaction, but it appears that they were not. For example, First NLC charged an exorbitant prepaid finance charge of $8,942.50, and an entity named Express Financial Services added charges of $320.00 of its own. When these and all other charges are analyzed, it is clear that charges properly characterized as part of the Finance Charge in this

2

transaction have only been partially disclosed as such, if at all, which renders the disclosure of the Finance Charge and Annual Percentage Rate of the Finance Charge on the DS erroneous, which are material violations of the TILA.

On or about November 27, 2006, the undersigned forwarded a letter to Litton Loan and First NLC a copy of which is attached as Exhibit "D," electing to rescind this transaction pursuant to material violations of the TILA. Moreover, this letter constituted a qualified written request ("QWR') under the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(5)(e) ("RESPA"), requesting certain information relative to the underlying loan.

On or about December 14, 2006, a representative of Litton forwarded a response to this letter, a copy of which is attached hereto as Exhibit "E." In that letter, Litton acknowledges the Plaintiffs' RESPA request and responded to the Plaintiffs QWR with what seems to be a form response for inquiries pursuant to the RESPA. However, while producing the DS and Note relative to the underlying loan, the response to the QWR failed to address or provide any of the disclosures mandated by the TILA which had been requested to make sure the Plaintiffs and their counsel had a full picture of the loan transaction at issue. Moreover, First NLC failed to respond to the Plaintiff's QWR.

Complaint, ¶¶ 5-8.

Based upon these averments, the plaintiff alleged the following TILA violations:

The failure of First NLC to provide the variable rate disclosures and booklets required pursuant to 12 C.F.R. § 226.19 constitutes a material TILA violation.

Moreover, the Plaintiffs did not receive accurate disclosures of certain terms in the transaction as required by the TILA, including, but not limited to, the actual "Finance Charge" in the transaction, in violation of 15 U.S.C. § 1638(a), as the Finance Charge as disclosed omits many of the charges and excessive charges referenced in paragraph 6 supra. These, and possibly other violations of the TILA, exist in their loan papers.

3

> The failure of First NLC to properly disclose certain terms of the transaction, particularly the finance charges, and any other violations of the TILA, constitute "material" disclosure violations of the TILA which entitle the Plaintiffs to rescind the instant loan transaction. Moreover, [the] fact that the violations at issue are apparent on the face of the loan documents renders any subsequent assignee liable for the TILA violations arising therefrom.
>
> The Plaintiffs have validly exercised their right to rescind this transaction, but neither JP Morgan, believed to be the current holder of the mortgage, nor any other party, have appropriately responded to same, nor have they recognized same or performed any of the duties imposed under 15 U.S.C. § 1635(b) of the TILA. As a result, the Defendants are not only obliged to perform those duties, but are liable to the Plaintiffs for statutory damages for refusing to do so as well.

Complaint, ¶¶ 12-15.

The plaintiff also asserted the following RESPA violations founded upon the above-quoted averments:

> The Defendants are not only obliged to respond to the Plaintiffs' qualified written request concerning the instant transaction, First NLC specifically having failed to respond with an acknowledgement of receipt of the request within 20 days of said request and Litton, JP Morgan's apparent agent, failing to respond to the most fundamental aspect of same, but also should not have provided information regarding any overdue payment, owed by the Plaintiffs and relating to such qualified written request, to any consumer reporting agency. The failure of the Defendants to comply with 12 U.S.C. §§ 2605(e) and (f) of the federal Real Estate Settlement Practices Act ("RESPA"), renders them liable for damages and costs pursuant to 12 U.S.C. §§ 2605(f)(l) and (f)(3).

Complaint, ¶ 17.

In denying the defendants' earlier motions to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) (Fed. R. Bankr. P. 7012 incorporates Rule 12(b)-(h) into bankruptcy adversary proceedings), I

applied standards long-applicable to those motions. As explained by the Third Circuit Court of Appeals, a trial court may not grant a motion for judgment on the pleadings

> unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law. . . . We must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.

Sikirica v. Nationwide Insurance Co., 416 F.3d 214, 220 (3d Cir. 2005). Similarly:

> A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 . . . (1974).

In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1420 (3d Cir. 1997).

Thus, when a defendant files a Rule 12(c) motion, the appropriate standard for determination is identical to that used in deciding whether to grant a Rule 12(b)(6) motion to dismiss a complaint for failure to state a cause of action: that is, either motion can only be granted if, after accepting as true the plaintiffs' factual averments and reasonable inferences, the defendant is entitled to judgment as a matter of law. See Pisciotta v. Old National Bancorp, 2007 WL 2389770, at *3 (7th Cir. 2007); Institute for Scientific Information, Inc. v. Gordon and Breach, Science Publishers, Inc., 931 F.2d 1002, 1004 (3d Cir. 1991).

In my June 22nd determination of defendants' Rule 12(b)(6) motions, I referred to the decision Conley v. Gibson, 355 U.S. 41, 45-46 (1957), for the proposition that dismissal of a claim for failure to plead a cause of action is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of that claim

5

which would entitle him to relief." In re Hopkins, 372 B.R. at 741.  Shortly prior to my decision, the Supreme Court decided Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), which decision clarified the standard of pleading required by Fed. R. Civ. P. 8(a)(2) (incorporated into adversary proceedings by Fed. R. Bankr. P. 7008(a)) to withstand a motion to dismiss under Rule 12(b)(6).

That procedural rule "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41 (1957)).  The Court emphasized that while a complaint need not include detailed factual allegations, it does need to go beyond "a formulaic recitation of the elements of a cause of action. . . ." Twombly, at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

After noting that one of the antitrust elements of the cause of action alleged by the plaintiff in Twombly was agreement between the defendants, the Court stated "[t]he need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id., at 1966.  "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., at 1974.

In its analysis of the pleading requirements imposed by Rule 8 (and thus also Fed. R. Bankr. P. 7008 for adversary proceedings), the Twombly court rejected its statement in Conley v. Gibson that "'a complaint should not be dismissed for failure to

6

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id., at 1968 (quoting Conley v. Gibson, 355 U.S. at 45-46). The court observed that "[t]his 'no set of facts' language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings. . . ." Twombly, at 1968. Accordingly, the Court determined that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id., at 1969.

Based upon Twombly's retirement of the Conley language just quoted, the defendants in this adversary proceeding contend that reconsideration of their motions is appropriate. They analogize their reconsideration request to one made under Fed. R. Civ. P. 60(b) (incorporated by Fed. R. Bankr. P. 9024) as "'involve[ing] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Burton v. Janda, 2007 WL 130319, at *1 (E.D. Wash. Jan. 16, 2007) (quoting Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989)); see Rockwell Automation, Inc. v. Advanced Geoservices Corp., 2005 WL 196411, at *1 n.1 (E.D. Pa. Jan. 26, 2005) (same).

The plaintiff counters that since the Twombly decision predated my earlier ruling and was not relied upon by any of the defendants prior to that ruling, there has been no change of controlling law warranting reconsideration. While perhaps a technically correct reading of Rule 60(b), all of the parties overlook that Rule 60(b) motions only concern "final" judgments or orders. See Baker v. Fair, Isaac and Co., 2007 WL 641539,

at *1 (D. Ariz. Feb. 27, 2007); In re Stanley, 185 B.R. 417, 421 (Bankr. D. Conn. 1995). As the June 2007 order was interlocutory, Rule 60(b) is not applicable.

However, federal trial courts have the inherent power to reconsider interlocutory orders prior to the conclusion of the case. See Johnson v. Dollar General Corp., 2007 WL 2746952, at *2 (E.D. Tenn. Sep't. 20, 2007) ("'District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.'") (quoting Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991), which was citing Marconi Wireless Telegraph Co. v. U.S., 320 U.S. 1, 47-48 (1943)); Baker v. Fair, Isaac and Co., 2007 WL 641539, at *2 ("'[I]nterlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.'") (quoting Advisory Committee Notes to Fed. R. Civ. P. 60(b) (1946 Amendments)).

Accordingly, since I did not consider the Twombly decision when issuing my earlier ruling, I consider it appropriate to revisit that June decision, as requested by the defendants. See Hyland v. Homeservices of America, Inc., 2007 WL 2407233 (W.D. Ky. Aug. 17, 2007) (court reconsidered its prior order after publication of Twombly). Nevertheless, for the reasons that follow, the result is the same.

Shortly after Twombly was decided, the Supreme Court issued another decision involving the pleading requirements under Rule 8 in Erickson v. Pardus, 127 S. Ct. 2197 (2007). In Erickson, the Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short
> and plain statement of the claim showing that the pleader is
> entitled to relief." Specific facts are not necessary; the
> statement need only "'give the defendant fair notice of what

8

> the . . . claim is and the grounds upon which it rests.'" Bell
> Atlantic Corp. v. Twombly, 550 U.S. —, —, 127 S. Ct. 1955,
> 167 L. Ed. 2d 929, — (2007) (slip op., at 7-8) (quoting
> Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d
> 80 (1957)). In addition, when ruling on a defendant's motion
> to dismiss, a judge must accept as true all of the factual
> allegations contained in the complaint. Bell Atlantic Corp.,
> supra, at —, 127 S. Ct. 1955 (slip op., at 8-9) (. . .)

Id., at 2200 (citations omitted).

With Erickson as a backdrop to Twombly, the the Seventh Circuit Court of Appeals recently summarized the notice pleading requirements of Rule 8(a)(2) thusly:

> The Supreme Court has interpreted [Rule 8(a)(2)'s] language
> to impose two easy-to-clear hurdles. First, the complaint must
> describe the claim in sufficient detail to give the defendant
> "fair notice of what the . . . claim is and the grounds upon
> which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct.
> 1955, 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47
> (1957)). Second, its allegations must plausibly suggest that
> the plaintiff has a right to relief, raising that possibility above
> a "speculative level"; if they do not, the plaintiff pleads itself
> out of court. Bell Atlantic, 127 S. Ct. at 1965, 1973 n.14.

EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007); see Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 2007 WL 2406859, at *4 (7th Cir. Aug. 24, 2007) ("Taking Erickson and Twombly together, we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").

Similarly, the Second Circuit Court of Appeals explained in Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007): "After careful consideration of the Court's opinion [in Twombly and Erickson] and the conflicting signals from it that we have identified, we believe the Court is not requiring a universal standard of heightened fact pleading, but is

9

instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." (Emphasis in original.) See Behrend v. Comcast Corp., 2007 WL 2221415, at *5 (E.D. Pa. Aug. 1, 2007) (agreeing that Twombly did not impose a heightened pleading standard, but that a plaintiff must plead facts suggestive enough to render the claim plausible); Pikitus v. West Mahonoy Township Sewer Project Officers, 2007 WL 2768518, at *1 (M.D. Pa. Sep't. 20, 2007) ("Plaintiff must now nudge her claims 'across the line from conceivable to plausible' to avoid dismissal thereof.") (quoting Twombly, at 1960).

Twombly did not alter the trial court's role in deciding a motion to dismiss. It is still limited to "whether the plaintiff is entitled to offer evidence in support of the claims . . . and not to consider whether the plaintiff will ultimately prevail." Unite Nat'l Retirement Fund v. Rosal Sportswear, Inc., 2007 WL 2713051, at *4 (M.D. Pa. Sep't. 14, 2007). Resolution of that issue simply requires that the complaint contain sufficient allegations to provide fair notice to the defendant of the claim asserted and that render the existence of that claim plausible. See Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Twombly does not require that a plaintiff plead every fact upon which his claim is based. See Erickson, at 2200.

In this proceeding, the allegations in the complaint quoted above state claims under the standard enunciated by the Twombly court. The defendants are given fair notice that the plaintiffs have made an allegation under TILA regarding the understatement of the Finance Charge, violative of section 1638(a). Although the general

averment that "[m]ost of the charges on the Settlement Statement should have been disclosed as part of the 'Finance Charge' in this transaction," as well as the allegation that "possibly other violations of the TILA" may exist, might not withstand the Supreme Court's directive that allegations include supporting facts, the plaintiffs followed these conclusory averments with examples of specific charges they believe should have been included in the disclosed finance charge.  See Villasenor v. American Signature, Inc., 2007 WL 2025739, at *3 (N.D. Ill. July 9, 2007) (denying motion to dismiss where plaintiff established plausible entitlement to statutory damages in alleging that the loan disclosures he received did not advise him that a finance charge might be imposed at the time of purchase); see also Lindsay v. Yates, 498 F.3d 434, 440 n.6 (6th Cir. 2007) (finding that allegations that one day after the sellers learned that plaintiffs were black, the sellers terminated the contract, stated a claim for relief that gave rise to a 'reasonably founded hope that the discovery process will reveal relevant evidence' to support their claims" of housing discrimination) (quoting Twombly, at 1967).  Compare Peterson v. Argent Mortgage Co., 2007 WL 1725355, at *2 (D. Minn. June 14, 2007) (dismissing complaint alleging untimely receipt of TILA notices to cancel, where plaintiff alleged only that the defendants failed to deliver all material disclosures without any supporting factual allegations, and without disputing signed acknowledgment that had received the notices).

        In addition, the plaintiffs alleged that defendant Litton failed to properly respond to plaintiffs' qualified written request as required by RESPA.  This sufficiently puts the defendant on notice of the claim against it—no further supporting facts are necessary.  See Boudin v. Residential Essentials, LLC, 2007 2023466, at *3 (S.D. Ala.

11

July 10, 2007) (declining to dismiss a RESPA count under 12 U.S.C. § 2607(b) that alleged that the plaintiff had been overcharged a recording fee with the defendant retaining the difference, while concluding that the plaintiff failed to state an additional RESPA claim by alleging only that "many fees" were "marked up" without alleging specific fees or asserting that the defendant engaged the services of a third party and wrongly retained a portion of the fee).

Therefore the plaintiffs have stated two plausible claims for relief sufficient to give the defendants fair notice of their claims, above the speculative level, entitling them to discovery on the matter.[1]  See EEOC v. Concentra Health Services, Inc., 496 F.3d at 780 ("Second, a plaintiff might sometimes have a right to relief without knowing every factual detail supporting its right: requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim."). Accordingly, the movants' renewed motions for judgments on the pleadings shall be denied.  See Village of Riverdale v. 138th Street Joint Venture, 2007 WL 2893655, at *6 (N.D. Ill. 2007) (application of the Twombly standard does not render plaintiff's complaint more susceptible to dismissal).

---

[1]Pursuant to an Initial Pretrial Order dated July 26, 2007, the discovery deadline in this proceeding is October 24, 2007.  No party has requested an extension of this deadline in light of these motions or otherwise.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| KELLYANN HOPKINS and ROBERT J. HOPKINS | : | |
| Debtor | : | Bankruptcy No. 06-15503bf |
| KELLYANN HOPKINS and ROBERT J. HOPKINS | : | |
| Plaintiff | : | |
| v. | : | |
| FIRST NLC FINANCIAL SERVICES, LLC; LITTON LOAN SERVICING, LP, and JP MORGAN CHASE BANK, N.A. | : | |
| Defendant | : | Adversary No. 07-0114 |

..............................................

ORDER

..............................................

AND NOW, this 22nd day of October 2007, for the reasons stated in the accompanying memorandum, it is hereby ordered that the defendants' renewed motions for judgment on the pleadings are denied.

_____
BRUCE FOX
United States Bankruptcy Judge

Copies to:

David A. Scholl, Esquire
Regional Bankruptcy Center of SE PA
6 St Albans Avenue
Newtown Square, PA 19073

Sandhya M. Feltes, Esquire
Kaplin Stewart Meloff Reiter & Stein, P.C.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422

Jonathan J. Bart, Esquire
Wilentz Goldman & Spitzer P.A.
Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102